## First National Bank of Ava, Ill., et al. v. Board of Drainage Commissioners of Hickman County et al.

(Decided May 17, 1929.)

NANCY A. DAY and C. W. DIEKROEGER for appellants

J. D. VIA, JOE W. BENNETT and BENNETT, ROBBINS & SMITH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants, whom we shall refer to as the plaintiffs, were unsuccessful in the trial court, and they have appealed. The plaintiffs allege that they are the holders of bonds aggregating $1,700 that were issued for the construction of certain improvements in the channel of the Bayou de Chien, and about $12,000 of construction war-

rants that were issued in connection with and for the purpose of improving that channel. They allege that these became due on February 1, 1928, that the assessments collected for that year were insufficient to pay them, that they asked the board of drainage commissioners to levy additional assessments on the lands of the district to pay these unpaid bonds and warrants, and that the board refused to make such levies, and they ask the court to require it to do so.

The board made two defenses. One defense was that the holders and owners of the above-mentioned warrants had failed to list them for taxation and to pay the taxes thereon, and the board pleaded that as a bar to their right to recover on the warrants or their right to the mandamus prayed for. By section 4019a13, Kentucky Statutes, failure to list a note or bond is a bar to any action thereon, but the answer of the defendant was not sufficient to constitute a defense because the answer failed to allege sufficient facts to show that these bonds were listable for taxation or that the holders were under obligation to list them. Hence this defense was not sufficient.

The other defense of the board was that the assessments levied upon the lands of the district were, when made, sufficient to have paid these bonds and warrants, and that if all the assesments levied on the lands of the district had been paid that funds would have been realized amply sufficient to have paid these bonds and warrants; but that parties owning 1,170 acres of this land upon which they had been assesed $45,512.41, had only paid $13,213.56, thus leaving a balance due and unpaid, chargeable against and assessed upon this 1,170 acres, of more than $32,000; that these lands had been sold for the purpose of collecting these assessments and had been bought by the board. Plaintiffs demurred to that answer, and their demurrer was overruled. The correctness of the court's action in overruling this demurrer is the question before us on this appeal.

By the provisions of subsection 30 of section 2380b, Kentucky Statutes, the sale of this land for these assessments, the right of the owners of the land to redeem, and the rights of the purchasers of the land, are the same as if they had been sold for state or county taxes. We do not know whether the time for redemption has expired or not, and, unless it has, the presumption is that the

owners of this land will yet redeem it, and, if they do, then a fund sufficient to pay the claims of the plaintiffs will be provided. If the time for redemption is at an end, then these lands can be sold and the proceeds arising from the sale can be used to satisfy the claims of the plaintiffs. Hence this part of the board's answer stated a good defense to the plaintiffs' cause of action. The court properly overruled the demurrer filed to it, and its judgment is affirmed.

The whole court sitting.